IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATRECHA RICE, individually and on behalf of all others similarly situated | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE: |
| | ) ) ) | **COLLECTIVE ACTION COMPLAINT** |
| v. | ) ) ) | |
| ARAMARK SERVICES, INC. c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219 | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff LaTrecha Rice, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendant Aramark Services, Inc. ("Aramark"), and in support of her claims, states as follows:

**PRELIMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as Food Service Managers for Defendant, in the business of serving millions of guests through food, facilities, and uniform services in 19 countries around the world.

2. Defendant employs Food Service Managers or those working in similar job positions, and classifies them as "exempt" employees, paying them on a salaried basis, even when more than 40 hours of work is performed in a particular work week.

3. Rice, and similarly situated employees routinely work(ed) more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendant's unlawful classification of Rice, and similarly situated employees as "exempt" for the purposes of overtime compensation, and Defendant's failure to compensate Rice, and similarly situated employees for all hours worked, Defendant has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Rice, and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

5. Rice brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

7. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

8. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

9. Plaintiff LaTrecha Rice is a resident of the city of Cleveland, county of Cuyahoga, and state of Ohio. Rice was hired by Defendant as a Food Service Manager in March 2022.

**Defendant**

10. Defendant Aramark is a Delaware corporation that operates a place of business located at 1829 E. 55th St., Cleveland, Ohio 44103.

11. Aramark provides food services, facilities management, uniform services, refreshment services, hospitality management, and supply chain services.

12. Aramark operates throughout North America, and abroad.

13. Aramark is an "employer" of Rice, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

14. At all relevant times, Aramark maintained control, oversight, and direction over Rice, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

15. At all relevant times, Aramark has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16. Aramark's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

## FACTUAL ALLEGATIONS

17. Rice, and similarly situated employees work or worked for Defendant as Food Service Managers during the applicable statutory period.

3

18. Defendant lists the Food Service Manager Responsibilities as follows:

   a) Developing and implementing dining solutions to meet customer needs and tastes

   b) Oversees and manages dining operations where customers order prepared foods from a menu

   c) Use Aramark s coaching model to engage and develop team members to their fullest potential

   d) Reward and recognize employees

   e) Ensure individual and team performance meets objectives and client expectations

   f) Plan and lead daily team briefings

   g) Ensure safety and sanitation standards in all operations

   h) Client relationship

   i) Identify client needs and communicate operational progress

   j) Ensure the completion and maintenance of P&L statements

   k) Deliver client and company financial targets

   l) Adopt all Aramark processes and systems, understand performance metrics, data, order and inventory trends; educate teams on key levers to improve margins and productivity

   m) Bring value through efficient operations, appropriate cost controls, and profit management

   n) Follow the Operational Excellence fundamentals by meeting and maintaining food and labor initiatives

   o) Ensure entire team is trained and able to implement

   p) Supervise team regarding production, quality and control

4

   q) Maintain a safe and healthy environment for clients, customers and employees

   r) Follow all applicable policies, rules and regulations, including but not limited to those relating to safety, health, wage and hour

   s) Lead the front of the house of the dining operation (Cafeteria / Residential Dining Facility) in conjunction with the Food Service Director

   t) Plans, directs, and coordinates food service activities in order to deliver a finished product to the customer

19. Rice, and similarly situated employees actually performed the following duties of Food Service Workers.

   a) Maintain high standards of quality in food production, sanitation, and kitchen safety practices

   b) Prepare quality food and baked goods according to a planned menu

   c) Understand what is inclusive of a meal

   d) Ensure storage of food in an accurate and sanitary manner

   e) Serve food according to meal schedules, department policies and procedures

   f) Use and care of kitchen equipment

   g) Timely preparation of a variety of food items, beverages, and

   h) Add garnishments to ensure customer happiness and eye appeal

   i) Coordinate and assist in major cleaning of refrigerators, freezers, and cooking and serving equipment

   j) Adhere to all food safety regulations for sanitation, food handling, and storage

   k) Supervise the food temperature requirements

   l) Maintain a clean and organized work and storage area

    m) Scrub and polish counters, clean and sanitize steam tables, and other equipment

    n) Follow established procedures and standards for cleanliness, to ensure a balanced and safe environment; duties include sweeping, moping, ware washing

    o) Maintain garbage collection site and kitchen floor areas in a neat and sanitary fashion

    p) Perform other duties as assigned including other areas in the kitchen

20. Rice, and similarly situated employees' primary duties do not require the exercise of discretion and independent judgment to matters of significance.

21. Rice, and similarly situated employees do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

22. All non-exempt employees are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek

23. Defendant compensated and/or compensate Rice, and similarly situated employees for their work on a salary basis.

24. Defendant suffered and permitted Rice, and similarly situated employees to work more than forty (40) hours per workweek.

25. Defendant has a policy of not paying Rice, and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

26. Defendant only paid Rice, and similarly situated employees, their regular salary, rather than the legally require one and one-half times their regular rate of pay, irrespective of the actual hours they worked.

27. Defendant willfully deprived Rice, and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

28. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Rice brings Count I on behalf of herself and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

    > All Food Service Managers who have been employed by Aramark Services, Inc. from August 31, 2019 until the date of final judgment in this matter, and worked more than forty (40) hours in one or more workweeks.

30. Rice consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Rice's signed consent form is filed with the Court as Exhibits A to this Complaint.

31. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

32. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

33. Rice, and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq*., and that have caused significant damage to Rice, and the FLSA Collective.

34. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

### COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
(On Behalf of Rice, and the FLSA Collective)

35. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

37. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Rice, and the FLSA Collective, no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

38. Rice, and the FLSA Collective, regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

39. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Rice, and the FLSA Collective.

40. Defendant knew Rice, and the FLSA Collective, worked overtime without proper compensation, and it willfully failed and refused to pay Rice and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 255.

41. Defendant's willful failure and refusal to pay Rice, and the FLSA Collective, overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

42. As the direct and proximate result of Defendant's unlawful conduct, Rice, and the FLSA Collective, have suffered and will continue to suffer a loss of income and other damages.

Rice, and the FLSA Collective, are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
### (On Behalf of Rice)

43. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

44. Rice worked more than forty (40) hours in one or more workweeks.

45. Starting March 2022, Defendant did not pay Rice at least one and a half times her normal hourly rate for time worked in excess of forty (40) per workweek.

46. By not paying Rice proper overtime wages for time worked in excess of forty (40) per workweek, Defendant has violated the OMFWSA.

47. As a result of Defendant's violations, Rice is entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

### COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15
### (On Behalf of Rice)

48. Rice realleges and incorporates by reference the above paragraphs as if fully set forth herein.

49. During all relevant times, Aramark was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Rice was an employee within the meaning of Ohio Rev. Code § 4113.15 and was not exempt from its protections.

50. Ohio Rev. Code § 4113.15(A) requires that Aramark pay Rice all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

51. Rice's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

52. In violating Ohio law, Aramark acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

53. As a result of Aramark's willful violation, Rice is entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

   **WHEREFORE**, Plaintiff LaTrecha Rice prays for all the following relief:

   A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Rice, and her counsel to represent the collective action members;

   B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

   C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

   D. An award of unpaid overtime wages under the OMFWSA;

   E. Liquidated damages under Ohio Rev. Code § 4113.15;

   F. An award of any pre-judgment and post-judgment interest.

   G. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

   H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC

                                          55 Erieview Plaza, Suite 370
                                          Cleveland, Ohio 44114
                                          T: (216) 223-7213
                                          F: (216) 223-7213
                                          wade@swmlawfirm.com
                                          sobel@swmlawfirm.com

                                          *Attorney for Plaintiff LaTrecha Rice, and*
                                          *the FLSA Collective*

## **JURY DEMAND**

Plaintiff hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
